**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

A.M., by and through her Conservator, )
MARCIE SUCKLEY, )
    and )
THE ESTATE OF JERAD MOORE, DECEASED, )
By and through Administrator, )
MARCIE SUCKLEY, )
     )
    Plaintiffs, )
     )
vs. )   Case No. 07-CV-4040-MLB-DWB
     )
ERIC BURR, THE CITY OF ARKANSAS CITY, )
ROBERT ISTAS, STATE OF KANSAS, )
GARY BORTZ, THE CITY OF WINFIELD, )
PAM WALKER, GARY TUCKER, ROY CALBO, )
SEAN SKOV, GEORGE LIERMANN, BOB )
ODELL and COWLEY COUNTY, KANSAS, )
    Defendants. )
_____)

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

NOW BEFORE the Court is the Stipulated Protective Order of Plaintiffs and Defendants.

Pursuant to Federal Rule of Civil Procedure 26(c) and upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information which will improperly annoy, embarrass, subject to identity theft or oppress any party, witness, or person providing discovery in this case, such as the employment records of defendants and their past or present employees.

IT IS ORDERED that the confidential contents and proprietary nature of all documents, materials, and information, including without limitation, documents produced or obtained, answers to interrogatories, responses to requests for admission, deposition testimony, audio and videotapes made as part of any investigation and/or discovery, and other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure, (hereinafter "Discovery Materials") shall be protected and governed as follows:

1.   **DESIGNATION AS CONFIDENTIAL**.

Any party may designate as "Confidential" any Discovery Materials that are deemed in good faith by that party to contain, embody, reflect or otherwise disclose information that fits within the definition of CONFIDENTIAL below and is (a) information of a confidential, personal or proprietary nature, or (b) information that would cause unreasonable annoyance, embarrassment, or oppression and disclosure of which would cause significant public and/or private harm.  Any party producing documents that such party designates as confidential shall mark those documents 'CONFIDENTIAL'.  For purposes of this litigation, such confidential documents, materials, and/or information (collectively "Confidential Information") that a party in good faith believes concerns the above materials may be designated by that party as "CONFIDENTIAL," and any copies of such "Confidential Information" in the possession of any other party shall be treated as confidential whether designated by the other party or not.  Information in the public domain is specifically excluded from this Protective Order except as is necessary to protect the identities of the parties or as Plaintiffs may require to protect the safety of the plaintiffs and their families.

2.   **DEFINITION OF CONFIDENTIAL**

For purposes of this Order, Confidential Information may include information contained in any document, writing, paper, audio or videotape, deposition, tangible thing, interrogatory answer, digital media or email, whether printed or recorded or reproduced by any other mechanical process or written or produced by hand, and the content therein that any party in good faith believes involves the following:  (1) psychological and/or psychiatric records of any party or non-party witness; (2)

personnel files of any party or non-party witness; (3) disciplinary files or records of any party or non-party; (4) other confidential materials that the parties agree will be made part of this Order.

**3.    PERMITTED USES OF CONFIDENTIAL INFORMATION.**

Any "Confidential Information" shall be used solely for this lawsuit. The information marked "confidential" shall not be made public or otherwise disseminated except as set forth in this Protective Order.

**4.    AGREEMENTS TO RELEASE DOCUMENTS FROM ORDER.**

In designating information as CONFIDENTIAL, a party shall make such designation only as to materials which that party in good faith believes comprise or reflect currently sensitive or proprietary information of the nature above-described which is not generally known. Counsel for the party designating any information as CONFIDENTIAL may, in writing, agree to release any of the CONFIDENTIAL INFORMATION from the requirements of this order.

**5.    TO WHOM DISCLOSED.**

Information designated as CONFIDENTIAL may be disclosed only to the following persons and/or in the following manner:

(a). any counsel of record working on this action on behalf of any party, including in-house counsel, all lawyers, paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

(b). any individual who is a party, with disclosure only to the extent necessary to assist that party in this case except that no party may have possession of any other party's tax returns, medical records, psychological or psychiatric records, prosecutorial investigative files, audio or videotapes made during the course of any investigation, financial records, or school, employment, personnel

or disciplinary files of any party. Those materials must be kept by counsel of record, shown to the party as necessary and returned to counsel.

(b). any individual who is a party, with disclosure only to the extent necessary to assist that party in this case.

(c). the parties agree to maintain the confidentiality of non-party's school and disciplinary records, medical, psychological, psychiatric and mental health records; police, prosecutor and juvenile investigative information and/or records; employment, disciplinary and financial records. No party may have possession of any such records, but must be kept by counsel of record, shown to the party as necessary and returned to counsel.

(d). any person from whom testimony is taken to the extent it is necessary for such person to review their own deposition testimony.

(e.). or any witness or potential witness in the case whose review of the documents is in the good faith judgment of the disclosing party's attorney reasonably necessary to assist the attorney or the attorney's staff in the investigation or preparation of the party's case, except that such person may only be shown copies of the CONFIDENTIAL material and may not retain CONFIDENTIAL material.

(f). any individual who is retained as a consultant or expert by the parties in this action.

(g). any court reporter present in his/her official capacity at any hearing, deposition or other proceeding in this action;

(h). the Court; and

(i). other persons by written agreement of the parties.

**6.     CONFIDENTIALITY OF DEPOSITIONS**.

In the event a party seeks to maintain as confidential all or a portion of a deposition that qualifies for designation as CONFIDENTIAL, including any deposition exhibit, pursuant to Paragraph 1 of this Order, such party shall notify all of the parties before the conclusion of deposition.

### 7. REMOVAL OF CONFIDENTIAL DESIGNATION.

Notwithstanding the fact that a party has designated materials as confidential, such designation may be removed by the following procedure: A party may at any time request that the materials designated as confidential be re-designated as non-confidential. Such an objection or request must be given to the other party in writing. Within ten (10) days of receiving written notice, the parties must attempt to work out an agreement regarding the confidentiality of the materials; if such an agreement cannot be reached, either party may file a motion to determine whether the material should be treated as confidential. The material in question shall be kept confidential pending a final ruling by the court on the motion for protective order. The fact that the material is designated as CONFIDENTIAL however, shall not delay or otherwise interfere with its discovery.

### 8. RECORDS OBTAINED PRIOR TO ORDER.

The parties to this Stipulation and counsel for each agree to abide by and be bound by the provisions of this Order and to use due care to see that its provisions are known and adhered to by those under their supervision or control and will abide by and be bound by this Order even prior to Court approval. To the extent any CONFIDENTIAL INFORMATION has been produced by the attorneys in the matter or otherwise obtained by counsel prior to the execution of this Order, the parties understand and acknowledge that this information is subject to the terms of this order.

### 9. RETURN OF DOCUMENTS.

At the conclusion of this litigation, unless other arrangements are agreed upon, each party who wishes confidential material it produced to be returned, shall serve a written request upon other parties specifying the material to be returned.  Upon receipt of such a request, all parties shall promptly return the materials specified in the request , together with all copies thereof, to the requesting party.  Alternatively, all such documents not returned shall be destroyed.  Where the parties agree to destroy confidential documents, the destroying party shall provide requesting parties with appropriate attestation confirming the destruction.  An exception to this Paragraph is expressly permitted by the parties in order for counsel to retain any documents necessary to comply with any applicable legal and ethical rules.

**10.     NO LIMITS ON DISCOVERY**.

Nothing in this Order shall be construed to entitle any party to obtain any documents, thing or information from another party or third party or to preclude any party from obtaining any document, thing or information from any party or third party.  This Order shall in no way limit the scope of discovery available to any party, merely the method for viewing, possessing and disseminating such discovery. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

**11.     NO WAIVER OF PRIVILEGE**.

Nothing in this Order constitutes a waiver of any claim of attorney–client privilege, work product protection or any other privilege that might exist with respect to those documents produced or any other document or communication, written or oral, including without limitation, other communications referred to in any documents that may be produced. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

**12.    BINDING AGREEMENT**.

The terms of this Order are binding upon the parties represented by counsel to the same extent as if approved by the Court until approved by the Court or the Court orders otherwise.

**13.    RIGHT TO SEEK RELIEF OR MODIFICATION.**

This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties represented by counsel have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provision of this Protective Order would later result in undue burden or expense or would undermine counsel's ability to represent their clients in this case.

**IT IS SO ORDERED.**

This Protective Order is made an Order of the Court, this 14th day of August, 2007.

    s/   DONALD W. BOSTWICK
United States Magistrate Judge