**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| A.M. by and through her Conservator, MARCIE SUCKLEY, et al., ) ) ) ) | |
| Plaintiffs, ) ) | **CIVIL ACTION** |
| v. ) ) | No. 07-4040-MLB |
| ERIC BURR, individually and in his official capacity, et al., ) ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant State of Kansas' (the "State's") motions to dismiss. The State's first motion to dismiss (Doc. 26), filed pursuant to Federal Rule of Civil Procedure 12(b)(6), alleges that it is entitled to Eleventh Amendment immunity from plaintiffs' § 1983 claims and immunity under the Kansas Tort Claims Act from plaintiffs' state law negligence claims. The State's second motion to dismiss (Doc. 50), filed pursuant to Rule 12(b)(1), attacks this court's subject matter jurisdiction on all plaintiffs' claims based on the State's alleged Eleventh Amendment immunity.

The motions have been fully briefed and are ripe for decision. (Docs. 27, 34, 49, 51, 68, 79.) The State's second motion to dismiss (Doc. 50) is GRANTED and the State's first motion to dismiss (Doc. 26) is DENIED as moot, for the reasons stated herein.

**I.  FACTS**[1]

On June 20, 2005, at approximately 10:00 p.m., Jerad Moore was stopped for a traffic violation.  Based on Moore's observed driving pattern, and his behavior at the time of the stop, Moore was transported to the police department for sobriety testing.  Alcohol testing showed Moore was not under the influence of alcohol, and it was determined Moore was under the influence of a narcotic analgesic.  Moore, however, was not able to give a urine sample for toxicological confirmation.  Moore subsequently "passed out" and was transported to a jail cell for confinement.

Over the course of that night, Moore remained "passed out" in his jail cell.  The next morning, on June 21, 2005, at approximately 8:30 a.m. and again at 9:45 a.m., Moore was observed breathing.  At approximately 11:15 a.m., Moore was found without a pulse and not breathing, at which time he was transported via ambulance to the hospital.  Moore never regained consciousness and was pronounced dead on June 22, 2005.  Plaintiffs, Moore's minor child and only heir and Moore's estate, filed suit on March 23, 2007.

Plaintiffs allege four claims for relief: 1) Count One, alleging deprivation of Moore's constitutional rights, brought pursuant to 42 U.S.C. § 1983 by Moore's estate, against the individually named defendants; 2) Count Two, alleging deprivation of Moore's constitutional rights, brought pursuant to 42 U.S.C. § 1983 by Moore's estate, against the State and local governing body defendants; 3) Count Three, alleging survival and wrongful death claims based on

---

[1] The following factual recitation is taken from plaintiffs' first amended complaint (Doc. 20).

negligence, against the individually named defendants, brought by Moore's estate and Moore's heir; and 4) Count 4, alleging survival and wrongful death claims based on negligence, against the State and local governing body defendants, brought by Moore's estate and Moore's heir. (Doc. 20.) Defendants are the numerous law enforcement officers, and the State and local governing bodies who employed those law enforcement officers, that were involved in Moore's traffic stop, transportation, and confinement.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction, available to exercise their power only when specifically authorized to do so. See Sellens v. Tel. Credit Union, 189 F.R.D. 461, 465 (D. Kan. 1999). Pursuant to the Federal Rules of Civil Procedure, a party may move for dismissal based upon a court's "lack of jurisdiction over the subject matter" and, if subject matter jurisdiction is found to be lacking, "the court shall dismiss the action." FED. R. CIV. P. 12(b)(1), (h)(3). The party invoking federal jurisdiction, in this case, plaintiffs, bears the burden of proving the court's subject matter jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

"[A] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." Kontrick v. Ryan, 540 U.S. 443, 455 (2004). See also Frazier v. Simmons, 254 F.3d 1247, 1252 (10th Cir. 2001) (explaining that Eleventh Amendment immunity relates to the subject matter jurisdiction of the court and "'must be resolved before a court may address the merits'" of the plaintiff's claims) (quoting Fent v. Okla. Water Res. Bd., 235 F.3d

553, 558 (10th Cir. 1995).  Once effectively asserted, Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  Fent, 235 F.3d at 558-59.

The Eleventh Amendment bars a citizen from bringing suit against his own state in federal court.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  Eleventh Amendment immunity is applicable "to all suits against the state and arms of the state, regardless of the relief sought."  Higganbotham v. Okla. Transp. Com'n, 328 F.3d 638, 644 (10th Cir. 2003).

In its first motion to dismiss, the State asserted Eleventh Amendment immunity as to plaintiffs' § 1983 claims.  Plaintiffs thereafter conceded the State's Eleventh Amendment immunity.  At that time, the State did not so move as to plaintiffs' state law claims, and instead argued immunity from suit based on the Kansas Tort Claims Act.  Shortly thereafter, however, the State made its second motion to dismiss, alleging this court lacked subject matter jurisdiction over all plaintiffs' claims against the State based on its Eleventh Amendment immunity.

There are two exceptions to the general rule of Eleventh Amendment immunity from suit; abrogation by Congress and waiver. Joseph A. v. Ingram, 275 F.3d 1253, 1259 (10th Cir. 2002).  Plaintiffs

do not contend that abrogation by Congress is at issue,[2] and instead urge a waiver of Eleventh Amendment immunity has taken place.  A state may waive its immunity and consent to suit in federal court, and if it does so waive, the Eleventh Amendment does not bar the action. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985) (superceded by statute on other grounds).  Consent to suit will be found when a state voluntarily invokes federal court jurisdiction or otherwise makes a "clear declaration that it intends to submit itself" to federal jurisdiction.[3]  Raygor v. Regents of Univ. Of Minn., 534 U.S. 533, 547 (2002).

Plaintiffs cannot contend the State has itself invoked this court's jurisdiction.  Instead, plaintiffs argue that a state must assert its Eleventh Amendment immunity at the "earliest possible opportunity;" that the State did not do so; and that, therefore, the

---

[2] Plaintiffs are wise in limiting their argument to waiver of Eleventh Amendment immunity, rather than relying on abrogation, as it has been held that § 1983 does not abrogate Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 341 (1979).

A third method for overcoming a state's immunity from suit occurs when a citizen sues a state official pursuant to Ex parte Young, 209 U.S. 123 (1908).  Opala v. Watt, 454 F.3d 1154, 1157 (2006). Plaintiffs are not seeking prospective injunctive relief against a state official and the Ex parte Young doctrine, therefore, also does not apply to this matter.  Id. at 1158.

[3] In addition, "[a] state may effectuate a waiver of its constitutional immunity [through passage of] a state statute or constitutional provision."  Id. at 239 n.1.  However, "a state will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction."  Id. at 239 (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)).  The State anticipates in its second motion to dismiss that plaintiffs will argue waiver through passage of the Kansas Tort Claims Act.  Plaintiffs, wisely, do not make such an argument, as this has been previously foreclosed in soundly reasoned decisions by numerous courts in this district.  See Jones v. Wichita State Univ., No. 06-2131-KHV, 2007 WL 926075, at *2 (D. Kan. Mar. 28, 2007) (listing cases).

State has consented to suit.  Plaintiffs' argument fails on both legal and factual grounds.

First, it is an incorrect statement of law that a state must assert its Eleventh Amendment immunity at the "earliest possible opportunity."  In <u>Raygor</u> the Supreme Court specifically noted that it had never adopted a standard requiring a State to raise an Eleventh Amendment immunity objection at the outset of litigation proceedings. <u>Raygor</u>, 534 U.S. at 547.  In fact, a state may assert its Eleventh Amendment immunity at any time, even for the first time on appeal, and a court may raise the issue sua sponte.  See <u>Nelson v. Geringer</u>, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002) (reviewing Supreme Court cases stating that the issue of Eleventh Amendment immunity may be raised for the first time on appeal and that deciding the issue sua sponte is a discretionary matter).  Second, it is an incorrect statement of fact that the State did not assert its immunity at the earliest possible opportunity.  The State asserted its Eleventh Amendment immunity in its motion to dismiss, filed within the time its answer to plaintiffs' complaint was due, thereby asserting the Eleventh Amendment at its first filing in this court.  The State announced its reliance on its Eleventh Amendment immunity within the first three months of this litigation being filed.  This is by no means a lengthy delay.

For these reasons, the State's second motion to dismiss for lack of subject matter jurisdiction based on Eleventh Amendment immunity is GRANTED.  As a result, the State's first motion to dismiss is DENIED as moot.

**III. CONCLUSION**

The State's motion to dismiss based on lack of subject matter jurisdiction stemming from Eleventh Amendment immunity (Doc. 50) is GRANTED for the reasons stated more fully herein. The State's motion to dismiss based on Eleventh Amendment and Kansas Tort Claims Act immunity (Doc. 26) is DENIED as moot.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___14th___ day of September, 2007, at Wichita, Kansas.

                                                    <u>s/Monti Belot</u>
                                                   Monti L. Belot
                                                   UNITED STATES DISTRICT JUDGE