## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A.M., by and through her Conservator, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 07-4040-MLB ) |
| ERIC BURR, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM AND ORDER**

The discovery requests at issue were served by Defendants on Marcie Suckley as the Administrator of the Estate of Jerad Moore, Deceased.[1]  The requests include two interrogatories, Nos. 10 and 11, which Plaintiff argues are improper "contention interrogatories."  Following Plaintiff's refusal to respond to the interrogatories, and counsel's requisite attempts to confer, Defendants filed the present Motion to Compel.  (Doc. 76.)  Plaintiff has responded (Doc. 90), and Defendants have replied (Doc. 101).  Having reviewed the submissions of the parties, including the discovery requests and responses at issue, the Court is prepared to rule on Defendants' motion.

---

[1] Ms. Suckley will hereinafter be referred to as "Plaintiff" for purposes of this Order.

## BACKGROUND

The interrogatories at issue ask Plaintiff to "[l]ist each and every specific act or omission" by Defendants Gary Bortz and City of Winfield, respectively, which Plaintiff alleges were "negligent or otherwise wrongful . . ." (Doc. 77, Exh. A.) As to "each specific act or omission," Plaintiff is directed to "identify any statute, rule, regulation or other identifiable standard, if any that you rely upon and state how you claim said acts or omissions caused or contributed to the alleged occurrence." *Id*.

Without providing specific discussion, Plaintiff responded to the requests with the general objection that the interrogatories at issue were "overly broad, unduly burdensome, and premature."[2]  (Doc. 77, Exh. B, pg. 6.)  In response to Defendants' motion, Plaintiff argues that because the interrogatories seek "'each and every' act or omission in support of all claims against defendants," they "essentially request that the plaintiffs list everything that the defendants did wrong

---

[2] As a general rule, the Court does not look favorably on boilerplate objections to discovery requests.  See ***Waddell & Reed Financial, Inc. v. Torchmark Corp.***, 222 F.R.D. 450, 454 (D.Kan. 2004) (holding that "[a] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").  See also ***Sonnino v. Univ. Kan. Hosp. Auth.***, 220 F.R.D. 633, 653 (D.Kan.2004); ***Klesch & Co. Ltd. v. Liberty Media Corp.***, 217 F.R.D. 517, 524 (D.Colo.2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); ***McCoy v. Whirlpool Corp.***, 214 F.R.D. 642, 646 (D.Kan.2003) (overruling objection of undue burden based in part on lack of affidavit or other proof).

leading up to and continuing through the incident at issue." (Doc. 90, at 3.)

Defendants contend that there is a distinction "between requesting 'each and every *fact*,' and requesting to know what *acts or omissions* a defendant is being accused of." (Doc. 101, at 1.) (Emphasis in original.) According to Defendants, "it is not 'unduly burdensome' for a plaintiff to have to list the alleged conduct and legal basis of a claim that it has brought against a defendant." (Doc. 77, at 2.)

## DISCUSSION

Contention interrogatories are expressly permitted by Federal Rule of Civil Procedure 33(c) and are designed to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position." **Steil v. Humana Kan. City, Inc**., 197 F.R.D. 445, 447 (D.Kan.2000). As objecting party, Plaintiffs have the burden to support their objections. **Swackhammer v. Sprint Corp., PCS**, 225 F.R.D. 658 (D.Kan.2004).

Plaintiffs are correct that Courts in this District have, as a general rule, held that "interrogatories seeking 'each and every fact' and which blanket the entire case are objectionable." **Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.**, No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007) (citing **Allianz Ins. Co. v. Surface Specialties, Inc.**, No. 03-2470-CM-DJW,

2005 WL 44534, at *2 (D.Kan. Jan.7, 2005)).[3] On the other hand, "an interrogatory which is more narrow in scope and which does not seek every conceivable detail and fact concerning the entire case is not unduly burdensome or overly broad on its face even though it asks for 'each and every' specific concerning that narrow topic." ***Heartland Surgical Specialty Hosp., LLC***, 2007 WL 2192860, at *2 (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 231 F.R.D. 616, 619 (D.Kan.2005)).

In the Court's opinion, Plaintiff seems to be incorrectly focusing on Defendants' use of the phrase "each and every." The use of this phrase, while not ideal, does not, in and of itself, nullify an otherwise proper discovery request. Defendants have narrowed their request by requesting "each and every **specific act or omission**" by the Defendants that Plaintiff "allege[s] was **negligent or otherwise wrongful**." (Doc. 77, Exh. A.) (Emphasis added.) This is not the same as each and every fact that blankets the entire case.

Defendants contend that "it would be extremely burdensome for a defendant to have to prepare for trial without knowing what affirmative acts or omissions it is

---

[3] Even where the Court finds that a request improperly seeks each and every fact blanketing the entire case, it has modified the request and required the responding party to identify the "principal and material facts." Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., No. 05-2164-MLB-DWB, 2007 WL 756631, at *7 (D. Kan. March 8, 2007). Here, Plaintiff made no attempt to answer at all, but merely made an objection.

on trial for." (*Id.*, at 2-3).  The Court agrees.  Clearly Defendants have the right to know the acts or omissions for which Plaintiff believes they should be held legally accountable.  Defendants' Motion to Compel (Doc. 76) is, therefore, **GRANTED**.  Plaintiffs are to answer the interrogatories at issue on or before **December 15, 2007**, with the information they currently have.  They can later supplement these answers as required by Rule 26(e) if additional information is obtained through discovery.  (*See* Doc. 90, at 5.)

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 76) is **GRANTED**.

Dated at Wichita, Kansas, this 21st day of November, 2007.

 s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge
